# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3852 | **DATE** | 7/8/2004 |
| **CASE TITLE** | | Clark vs. Briley et al | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the na of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 8/11/2004 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 27-1) dismiss is denied. Defendants are given to July 26, 2004 to answer the amended complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 09 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | GMA | 37 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | U.S. DISTRICT COURT CLERK 2004 JUL -8 PM 4:12 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE JAMES CLARK, #B-42333, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | 03 C 3852 | |
| ) | | |
| KENNETH R. BRILEY, Warden; ROBERT ) | | |
| CATCHINGS, Acting Warden; TRACY ) | | |
| ENGLESON; ROBERT GRIFFIN; ALEX JONES; ) | | |
| JOSEPH R. QUIJANO, Major; JAMES ) | | |
| TSOULOS, Chaplain II; MARILYN R. COUTEE, ) | | |
| Adjustment Committee Chairperson, Lieutenant; ) | | |
| GEORGE RYAN, Governor; DONALD N. ) | | |
| SNYDER, Director; D. HUNTER, Superintendent; ) | | |
| WARDEN, Major; TAMMIE HOWARD, ) | | |
| Correctional Staff Member and on Adjustment ) | | |
| Committee; S. BACKSTROM, Correctional Staff ) | | |
| Member/Hearing Investigator; and JOE DOE, ) | | |
| 3 Gallery F Wing Counselor; ) | | |
| ) | | |
| Defendants. ) | | |

**DOCKET**

**JUL 0 9 2**

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendants Kenneth Briley, Marilyn Coutee, Joseph Quijano, Robert Griffin, Darrin Hunter, James Tsoulos, Alex Jones, Robert Catchings, and Tracey Engelson to dismiss the amended complaint

pursuant to Fed. R. Civ. Proc. 12(b)(6). For the reasons set forth below, the motion is denied.

## BACKGROUND

Defendants are employed by the Illinois Department of Corrections ("IDOC") in various capacities.[1] Plaintiff James Clark was an inmate at Stateville Correctional Facility. He claims to be a practicing Rastafarian. As part of his beliefs, he maintains uncut hair in dreadlocks. In October 2002, Clark was advised that he would have to cut his hair in accordance with an IDOC policy allowing an "individual grooming requirement" to be applied to inmates whose hairstyles met certain criteria. Clark agreed to allow guards to employ various means of searching his hair for contraband but repeatedly refused to comply with the mandate to cut it, citing his religious beliefs. After several refusals, Clark was shackled and forcibly required to submit to the haircut. In addition, Clark was disciplined in various ways as a result of his refusal to cut his hair.

The complaint alleges that Clark filed several grievances protesting his treatment, but none produced any response. Clark also alleges that he filed an appeal and completed the grievance procedure. He filed the instant suit in June 2003, seeking

---

[1] Because this matter comes to us under the aegis of Rule 12(b)(6), we accept as true all well-pleaded factual allegations of the complaint.

relief under 42 U.S.C. § 1983 for impingement of his First Amendment right to practice his religion.[2] Defendants now move to dismiss his suit in accordance with Rule 12(b)(6), insisting that Clark has failed to state a claim upon which relief can be granted.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. Bontkowski v. First Natl. Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993); Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). With these principles in mind, we turn to the motion at hand.

---

[2] Clark amended his complaint in January 2004; it is that pleading that we consider.

## DISCUSSION

Defendants first focus on Clark's compliance with the administrative exhaustion requirement of the Prisoner Litigation Reform Act ("PLRA"). The PLRA provides that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Defendants contend that Clark did not follow the procedures established within the Illinois Administrative Code and therefore did not exhaust his administrative remedies. 20 Ill. Adm. Code §§ 504.800–504.870. In support of this argument, Defendants offer evidence in the form of an affidavit of Jackie Miller, an IDOC official. As detailed above, 12(b)(6) motions are to be decided based on the contents of the complaint itself. Clark's complaint alleges, with some degree of detail, his efforts to resolve his issues at the administrative level, including an unequivocal allegation that he pursued appeal. Whether these allegations are ultimately borne out by evidentiary support is a question for another day. At this stage of the proceedings, Clark has done what is required to satisfy an initial examination of compliance with the PLRA exhaustion requirement.

Defendants move on from their PLRA argument to the substantive allegations of the § 1983 claim. To state a claim for relief under § 1983, a plaintiff must allege that only two things: 1) a deprivation of a federal right 2) by a person acting under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920 (1980). Here, Clark has alleged that he was deprived of his federal right to practice his Rastafarian beliefs by persons acting under color of Illinois law. Defendants even concede that the cutting of his hair imposed a substantial burden on his free exercise of his religious beliefs. See 42 U.S.C. § 2000cc-2(a). Thus, Defendants establish that Clark has stated a viable claim, but they attempt to prevail on their motion by setting forth affirmative matters in support of a judgment in their favor and offering inapplicable case law. The former cannot be properly assessed in the absence of a fully developed factual record, which is clearly not present during the examination of the sufficiency of an initial pleading.

As for the latter, the first case Defendants cite, Reed v. Faulkner, was not decided in the context of a motion to dismiss but after a full trial on the merits. 842 F.2d 960, 962 (7th Cir. 1988). Moreover, the court in Reed did not definitively state that no prison hair regulation could run afoul of the First Amendment, as would be required to underpin a 12(b)(6) dismissal. The second case, Moore-Bey v. Cohn, is an unpublished opinion, as indicated by its inclusion in the Federal Appendix. 69 Fed.

Appx. 784, 788 (7th Cir. 2002). Seventh Circuit Rule 53 establishes that unpublished orders and opinions may not be cited as precedent in any document filed in any court within the Seventh Circuit, which clearly applies to this court and to Defendants' memoranda. Accordingly, Moore-Bey has no precedential value that could assist Defendants and should not have been included in their brief in the first instance. Clearly, this presentation will not carry the day.

We concluded Clark has presented a viable claim under 42 U.S.C. § 1983, and Defendants' motion to dismiss is denied.

## CONCLUSION

Based on the foregoing, Defendants' motion to dismiss is denied.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: 7\8\04